UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VIMON PANCHITKHAEW AND MARUT PANCHITKAEW

                           Plaintiffs,

        v.

ANDREW CUOMO, NEW YORK STATE, DEPARTMENT OF HEALTH, HOWARD ZUCKER, NASSAU COUNTY, NANCY NUNZIATA, BELINDA BELLAMY, NORTHSHORE-LIJ HOSPITAL, DR. DEV KAMDAR, DR. FRANK G. DOUGLAS, DR. ARMEN KASABIAN, RESIDENTS AND NURSES, AND NEIGHBORS JOHN/JANE DOE, PRIMMA, LLC,

                           Defendant.

**MEMORANDUM AND ORDER**

19-cv-6206 (LDH) (ST)

---

L<small>A</small>S<small>HANN</small> D<small>E</small>A<small>RCY</small> HALL, United States District Judge:

       Vimon Panchitkhaew and Marut Panchitkaew ("Plaintiffs") bring the instant action against Andrew Cuomo, New York State, the Department of Health, Howard Zucker, Nassau County, Nancy Nunziata, Belinda Bellamy, Northshore-LIJ Hospital, Dr. Dev Kamdar, Dr. Frank G. Douglas, Dr. Armen Kasabian, "Residents and Nurses," "Neighbors John/Jane Doe," Primma LLC, (together "Defendants")[1] asserting claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985, for violations of the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, the Patient Bill of Rights, the Emergency Medical Treatment and Active Labor Act, and various state laws. Defendants move, pursuant to Rules 12(b)(1),

---

[1] Defendants Northshore-LIJ Hospital, Dr. Dev Kamdar, Dr. Frank G. Douglas, Dr. Armen Kasabian, "Residents and Nurses," are collectively referred to as the "Hospital Defendants." Defendants Nassau County, Nancy Nunziata, and Belinda Bellamy are collectively referred to as the "Nassau County Defendants." Defendants New York State, the Department of Health, and Howard Zucker are collectively referred to as "State Defendants."

12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint in its entirety.

## BACKGROUND[2]

Between 2014 and 2016, Plaintiff Vimon Panchitkhaew ("Vimon") was treated for buccal squamous cell carcinoma at Defendant North Shore-LIJ Hospital. (Am. Compl. ¶ 7, ECF No. 28.) Plaintiff Marut Panchitkaew ("Marut") is Vimon's son and serves as her caregiver. (*Id.* ¶ 17.) In 2015, Dr. Kamdar determined that Vimon should undergo three months of radiation treatment. (*Id.* ¶ 15.) Plaintiffs allege that the treatment was "unnecessary" and caused Vimon to suffer from skin burns. (*Id.*) In 2016, Defendant Dr. Kamdar performed a partial maxillectomy and removed nearly all of Vimon's lymph nodes. (*Id.* ¶ 50–51, 54.) Plaintiffs allege that the removal of Vimon's lymph nodes was "reckless," as her lymph nodes did not indicate any sign of cancer, and Plaintiff became permanently disabled as a result. (*Id.* ¶¶ 51, 58.) In addition, during radiation treatment, Plaintiff's mandible plate became exposed. (*Id.* ¶¶ 51, 57.) Vimon experienced several complications including immune deficiency, repeated infections, interval damage, and "loss of the lip." (*Id.* ¶ 57.) As a result, Defendant Dr. Kasabian, a plastic surgeon, performed a reconstructive surgery, during which he used tissue from Vimon's chest to cover necrotic tissues on Vimon's chin and lower lip. (*Id.* ¶ 58.)

As a result of his mother's surgeries, Marut alleges that he suffered emotional distress and a restraint of his freedom. (*Id.* ¶ 17.) Marut also alleges that he was taken into custody, falsely imprisoned, and confined "without probable cause, privilege, or consent." (*Id.* ¶123.) In addition, Plaintiffs complain that New York state did not "step-in" to investigate the "false operation." (*Id.*)

---

[2] The facts—taken from Complaint are assumed to be true for purposes of this Memorandum and Order.

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

**DISCUSSION**[3]

**I. PLAINTIFF'S SECTION 1983 CLAIM**

A Section 1983 claim does not give rise to an independent cause of action. Rather, it simply serves as a vehicle for commencing a civil action for alleged violations of constitutional rights. *See Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) ("Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights

---

[3] Defendants advance the theory that Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). There is some question as to whether Plaintiffs' failure to allege that Defendants are state actors presents a jurisdictional issue. In Plaintiffs' opposition, Plaintiffs argue that the court has subject matter jurisdiction pursuant to 18 U.S.C. § 3231. (Omnibus Mem. of L. in Supp. of Pl.s' Opp'n to Mot. to Dismiss the Am. Compl. ("Pls.' Opp." at 11, ECF No. 99.) However, § 3231 is inapplicable to this case, as it grants federal courts subject matter jurisdiction over criminal matters and not civil matters. *See United States v. Yousef*, 750 F.3d 254, 259 (2d Cir. 2014) ("Federal courts have subject-matter jurisdiction over federal criminal prosecutions by virtue of 18 U.S.C. § 3231, which vests the district courts with the power to hear "all offenses against the laws of the United States.") In any event, the Court determines Plaintiffs' claims cannot lie for failure to state a claim pursuant to Rule12(b)(6). Accordingly, the Court declines to reach the jurisdictional issues.

established elsewhere.")  Here, Plaintiffs allege that the Hospital Defendants violated their rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.  For the reasons set forth below, Plaintiffs constitutional claims are dismissed.

### A. Hospital Defendants

To support a claim arising under Section 1983, a Plaintiff must show, among other things, that the conduct at issue was "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d. Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d. Cir. 1994)).  In other words, conduct by a private person or entity does not fall within the ambit of Section 1983.  *Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 50 (1999) (noting that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks and citation omitted)).  Defendants contend that Plaintiffs cannot maintain a § 1983 claim against the Hospital Defendants and Primma because they are private parties.  (Omnibus Mem. of L. in Supp. of Defs.' Mot. to Dismiss the Am. Compl. ("Defs.' Mem.") at 15, ECF No. 98.)  Plaintiffs seemingly do not dispute the private character of the Hospital Defendants.  Instead, Plaintiffs argue that the Hospital Defendants, acted as an agent and contractor of Defendant New York State and therefore may be liable pursuant to §1983.  (Pls.' Opp'n at 16 (citing Am. Compl. ¶ 77).)  Plaintiffs are wrong.

It is true that acts of a private party can be deemed "state action" where the challenged action is "fairly attributable to the state." *Logan v. Bennington Coll. Corp.*, 72 F.3d 1017, 1027 (2d Cir. 1995) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  Here Plaintiffs plead only that the Hospital Defendants "failed to exercise that degree of skill and care customarily exercised by similarly trained physicians under like circumstances."  (Am. Compl. ¶

4

77.) This can hardly be said to be attributable to the state. And Plaintiffs' argument in opposition to Defendants' motion, that the "state" and the "county" use federal funds and therefore all Defendants, including the Hospital Defendants, are state actors, completely misses the mark. (Pls.' Opp'n at 9, 11.) That is, "the presence of state funding or regulation, in the absence of some concerted action with state officials, does not transform a private party's actions into state action." *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010). Plaintiffs fail to sufficiently allege a claim against the Hospital Defendants under §1983.

Plaintiffs have equally failed to allege that their injuries were a result of a municipal policy or custom sufficient to allege *Monell* liability under § 1983. *See generally, Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). That is, because Plaintiffs have failed to allege any conduct attributable to a state actor, Plaintiffs' *Monell* claim cannot be sustained. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action . . . it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation.")

### B. Personal Involvement of Cuomo and the Nassau County Defendants

"It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). Further, vicarious liability is inapplicable to §1983 claims, and therefore, Plaintiffs must plead that "each Government-official defendant, through his own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

5

Here, Plaintiffs argue that Cuomo "failed to operate Medicaid/Medicare in according to Federal Guideline [sic]" and "failed to calibrate the NYS Health Structure resulting in Medicaid Deficiency." (Pls.' Opp'n at 5.)  However, a fair reading of Plaintiffs' complaint reveals that it is principally focused on the purported negligence of the Hospital Defendants in providing Vimon medical care.  Certainly, Plaintiffs make vague allegations concerning alleged deficiencies by Cuomo, the Nassau County Defendants and the State Defendants in the operation of the Medicaid program.  However, Plaintiffs do not allege any specific conduct or action on the part of Cuomo or the Nassau County Defendants that operated to impair their constitutional rights. (*See generally,* Am. Compl.)  The claims against Cuomo, the Nassau County Defendants, and the State Defendants must be dismissed.

## II.     PLAINTIFF'S SECTION 1985 CLAIM

To support a claim pursuant to §1985, Plaintiffs must allege:

> (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States.

*Thomas*, 165 F.3d at 146.  Moreover, Plaintiffs must allege that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidious discriminatory animus." *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 835 (1983).  Here, Plaintiffs' allegations invoke §1985 but fail to include any allegation that might support an inference that Defendants conspired to deprive Plaintiffs, let alone a broader protected class, of any specified constitutional rights.  Where, as is the case here, a complaint contains "only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional

6

rights [the complaint] cannot withstand a motion to dismiss." *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983). Accordingly, Plaintiffs' §1985 claims must be dismissed.

### III.   STATE SOVEREIGN IMMUNITY

The Eleventh Amendment bars suit in federal court against a state. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity" (cleaned up)). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (quotation marks omitted). New York has not waived its Eleventh Amendment immunity and Congress did not abrogate states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38, 40 (2d Cir. 1977) (recognizing that § 1983 "contains no such authorization for the award of money damages against the states"). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods*, 466 F.3d at 236 (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). Against this legal backdrop, Defendants New York State, Department of Health, and former Department of Health Commissioner Zucker ("State Defendants") argue that Plaintiffs claims are barred under the Eleventh Amendment. (Defs.' Mem. at 25.) They are correct.

In an attempt to save their claims, Plaintiffs turn to *Ex Parte Young*, 209 U.S. 123 (1908), to argue that the Supreme Court created an exception to the general principle of sovereign immunity, by allowing claims against state employees for prospective injunctive relief. (Pls.'

7

Opp'n at 5.) It is true that the *Ex Parte Young* exception permits "a suit [for injunctive relief] challenging the constitutionality of a state official's actions in enforcing state law[.]" *CSX Transp., Inc. v. N.Y. Office Real Prop. Servs.*, 306 F.3d 87, 98 (2d Cir. 2002) (quoting *Ex Parte Young*, 209 U.S. at 154). But, of particular relevance here, the exception applies only when "the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* (*quoting Verizon Md.*, 535 U.S. at 645). And here, Plaintiffs have failed to allege any ongoing violation of federal law. The claims against the State Defendants are, therefore, barred by the Eleventh Amendment.

Finding that Plaintiffs' claims against the Defendants fail under federal law, the Court declines to exercise jurisdiction over Plaintiffs' additional state law claims.

## CONCLUSION

For the foregoing reason, Plaintiffs complaint is DISMISSED in its entirety without prejudice.

SO ORDERED.

Dated: Brooklyn, New York  
March 29, 2024

/s/ LDH  
LASHANN DEARCY HALL  
United States District Judge